IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-54-1-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BENNIE LEE CAMPBELL | ) | |

This cause comes before the Court on defendant's motion for return of seized property and suppression of evidence. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

Defendant was sentenced to a term of 121 months' imprisonment after pleading guilty to one count of conspiracy to distribute and possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846. On March 19, 2013, the Court reduced defendant's sentence to 120 month's imprisonment upon a motion for reduction of sentence pursuant to 18 U.S.C. § 3582. Defendant now seeks to have certain property returned that was allegedly seized on May 30, 2008, and to have such evidence against him suppressed. Fed. R. Crim. Pro. 41(g)-(h). The items of property defendant seeks to have returned are a 2005 X-5 BMW, a 1996 Chevy Corvette, a Phillips television, a RCA television, a stereo system with two speakers, a desktop computer, funds from a BB&T checking account of approximately $6,000, and funds from a Bank of America checking account of approximately $3,000.

## DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A Rule 41 motion for return of property is governed by equitable principles.

*United States v. Grover*, 119 F.3d 850, 851 (10th Cir. 1997).

In addition to defendant's criminal proceeding, a related parallel civil forfeiture proceeding was filed against four automobiles and currency. No. 7:08-CV-122-BO. Included in that proceeding was one 1996 Chevrolet Corvette and one 2005 BMW. Defendant was properly served with the civil forfeiture complaint on November 19, 2008, and defendant failed to appear or file a claim. As defendant had an adequate remedy at law to contest the forfeiture of his property, he may not now seek as an equitable remedy the return of any allegedly improperly seized items. *Shaw v. United States*, 891 F.2d 602, 603-604 (6th Cir. 1989).

As his motion relates to other property, including televisions and a stereo, and insofar as any of the funds defendant seeks returned were not included in the $71,593 that was the subject of the civil forfeiture, defendant has failed to demonstrate that these items or funds were actually seized by federal agents. *See* Seized Property Log, DE 269-2. Defendant has further failed to demonstrate whether, if the items were seized by state authorities, federal authorities were sufficiently in possession or control of any of the items such that the Court would have jurisdiction to order their return. *See United States v. Rowzer*, 201 F.R.D. 516, 518 (D. Kansas 2001). Accordingly, defendant's motion must in its entirety be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for return of seized property [DE 263] is DENIED.

SO ORDERED, this __4__ day of __October__, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2